[No. A038262. First Dist., Div. Three Aug. 14, 1987.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF SAN MATEO COUNTY,
Respondent;
GUY ROWLAND, Real Party in Interest.

COUNSEL

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John H. Sugiyama, Herbert F. Wilkinson, Martin S. Kaye and Landra E. Rosenthal, Deputy Attorneys General, for Petitioner.

No appearance for Respondent.

Charles C. Pierpoint and Thirkell, Pierpoint & Cretan for Real Party in Interest.

OPINION

SCOTT, Acting P. J.—The People of the State of California seek a writ of mandate to set aside a pretrial ruling authorizing separate juries for the guilt phase and penalty phase in a death penalty trial. We conclude that the court was without jurisdiction to make a pretrial ruling "discharging" the guilt phase jury (Pen. Code, § 190.4, subd. (c)). We issue a peremptory writ of mandate.

Guy Rowland has been charged with first degree murder (Pen. Code, § 187) with special circumstances (Pen. Code, § 190.2, subd. (a)(17)(iii)). During *in limine* proceedings, the court ruled that certain prior convictions would not be admissible at the guilt phase unless he testified, and reserved judgment on whether other unadjudicated prior offenses could be admitted to impeach him. Both parties agree that all these prior offenses could be admitted in the penalty phase, whether or not the defendant testifies.

After the *in limine* proceedings, defense counsel moved for a determination that a second jury would be impaneled for the penalty phase of the trial. In broad outline, the defense justification for two juries was the need to expose the penalty phase jury to the defendant's prior convictions and

offenses and to voir dire the jurors about their attitudes toward these offenses. The defense argued that if only one jury were impaneled it would be impossible to effectively voir dire for the penalty phase without prejudicing the defense in the guilt phase (by exposing jurors to the prior offenses). During in camera proceedings, defense counsel advised the court of some of his defense plans. Expressing concern that use of a single jury could result in reversal of the verdict, the court granted the defense motion.

■ This petition by the prosecution followed. It argues that Penal Code section 190.4, subdivision (c), the statute upon which the court purported to rely, does not permit a pretrial "discharge" of the guilt phase jury. We agree.

Penal Code section 190.4, subdivision (c), provides: "If the trier of fact which convicted the defendant of a crime for which he may be subject to the death penalty was a jury, the same jury shall consider any plea of not guilty by reason of insanity pursuant to Section 1026, the truth of any special circumstances which may be alleged, and the penalty to be applied, unless for good cause shown the court discharges that jury in which case a new jury shall be drawn. The court shall state facts in support of the finding of good cause upon the record and cause them to be entered into the minutes."

It is clear from the wording of the statute that a motion for a second jury may be entertained only after the first jury has convicted the defendant of a crime for which he might be subject to the death penalty. There is no room for a court's pretrial prediction, however enlightened, that a second jury may be needed. Nor can a defendant's desire to voir dire in one way for the guilt phase and a different way for the penalty phase form good cause for some kind of prospective "discharge" of the guilt phase jury before it has even been impaneled.

The trial court was without jurisdiction to entertain a pretrial motion for a second jury. Thus, the People's writ is appropriate. (See *People* v. *Superior Court (Howard)* (1968) 69 Cal.2d 491 [72 Cal.Rptr. 330, 446 P.2d 138]; *People* v. *Municipal Court (Kong)* (1981) 122 Cal.App.3d 176 [175 Cal.Rptr. 861].) We issue a peremptory writ in the first instance. (*Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177-180 [203 Cal.Rptr. 626, 681 P.2d 893].)

Let a peremptory writ of mandate issue directing the San Mateo County Superior Court to vacate its ruling authorizing two juries. Subject to further

order, this court's stay of the trial will remain in effect until this opinion is final.

Barry-Deal, J., and Merrill, J., concurred.

The petition of real party in interest for review by the Supreme Court was denied November 12, 1987. Mosk, J., and Broussard, J., were of the opinion that the petition should be granted.